

# NUMBER 13-14-00080-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THOMAS BOWIE,                                                          Appellant,

v.

SILVIA LOPEZ,                                                          Appellee.

### On appeal from the County Court at Law No. 1
### of Travis County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion Per Curiam

Appellant, Thomas Bowie, attempted to perfect an appeal from a judgment entered

by the County Court No. 1 of Travis County, Texas, in cause number C-1-CV-13-005726.[1]

Judgment in this cause was signed on July 15, 2013.  A motion for new trial was filed on

August 21, 2013, and notice of appeal was filed on December 17, 2013.

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

On March 11, 2014, the Clerk of this Court notified appellant this his notice of appeal was defective so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. Appellant has not filed a response to the Court's notice.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

Appellant's motion for new trial was due on August 14, 2013. *See* TEX. R. CIV. P. 329b(a). The motion for new trial was untimely because it was filed on August 21, 2013. Therefore, appellant's notice of appeal was due to have been filed on or before August 14, 2013. *See* TEX. R. APP. P. 26.1(a). Appellant did not file his notice of appeal until December 17, 2013.

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect his appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Delivered and filed the
10th day of April, 2014.

2